ROY J. NORMAN AND MARILYN F. NORMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norman v. Commissioner
Docket No. 19905-84.
United States Tax Court
T.C. Memo 1986-392; 1986 Tax Ct. Memo LEXIS 210; 52 T.C.M. (CCH) 244; T.C.M. (RIA) 86392; August 25, 1986. Roy J. Norman, pro se. Byron Calderon, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency and an addition to tax in petitioners' Federal income tax for the taxable year 1979 as follows: Addition to Tax
Deficiency
Sec. 6653(a) [1]
$544.00
$27.00
The issues for determination are (1) whether petitioners received unreported income during the taxable year in issue and (2) whether petitioners are liable for the addition to tax under section 6653(a) due to negligence or an intentional disregard of *212 rules or regulations. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided within the state of Colorado when they filed their petition in this case. Petitioner [2] was employed as a revenue officer with the Internal Revenue Service during the taxable year in question. On February 2, 1977, Pay-Center, Inc. secured a judgment against Frank A. James ("James") for the amount of $437.08. On June 3, 1977, James executed a Deed of Trust on certain real property to secure to East Continental Industrial Bank ("Bank") the payment of $134,999.41. The properties secured were Lot 98, Green Valley Ranch Unit 1, and Lots 29 and 30, Green Valley Ranch Unit 2 ("the Property"). On May 31, 1978, the Bank foreclosed on the mortgage and at public sale purchased the Property for $2,318.06. On August 22, 1978, Imogene L. Justus purchased the property for $2,334.76 from the Bank. On September 1, 1978, Justus deeded the Property by quit-claim deed to Edytha L. Lesuer ("Lesuer") *213 and several other Lesuer family members. On December 7, 1978, petitioner paid Pay-Center, Inc. the sum of $228 for the assignment of its $437.08 judgment against James. The judgment was a priority lien. At the direction of petitioner, a Writ of Execution was issued on December 11, 1978, directing the Sheriff of Jefferson County to satisfy the judgment against James held by petitioner. The Sheriff levied upon, seized and took into his possession the Property. On February 6, 1979, the Property was offered for sale at public auction. Petitioner, as assignee of Pay-Center, Inc., was declared the highest and best bidder. The Sheriff's fees for the public auction were $67.37 of which petitioner paid $59.75. Petitioner became owner of the property by warranty deed on April 25, 1979. On May 21, 1979, petitioner conveyed good title to the Property by Quit-Claim deed to Lesuer. Petitioner received a personal check from Lesuer dated June 18, 1979, in the amount of $2,000. Petitioner negotiated Lesuer's check and executed and delivered a receipt dated June 18, 1979, reflecting the payment of $2,000 as payment "in full" for the Property. On September 12, 1979, petitioner filed a *214 warranty deed in the land records of Jefferson County, Colorado, deeding the Property from petitioner as assignee to petitioner as an individual. On March 13, 1980, petitioner deeded the Property from himself to Lesuer by Warranty Deed. On August 27, 1980, the Jefferson County Land Records show that petitioner and Lesuer deeded the Property to petitioner by warranty deed. Only petitioner's signature appears on the August 27, 1980, deed. On January 26, 1981, petitioner filed a Quiet Title Action against Lesuer in the District Court of Jefferson County, Colorado, requesting the title to the Property be quieted in petitioner's name. On April 8, 1983, the District Court decreed that Lesuer was the owner of the Property in fee simple by virtue of the Quit Claim deed dated May 21, 1979. Moreover, the District Court of Colorado found that the $2,000 personal check from Lesuer to petitioner dated June 18, 1979, represented the full payment for the Property. In January of 1983, petitioners signed a Form 872 to consent to extend the time to assess tax for the taxable year 1979 until April 15, 1984. On March 29, 1984, respondent issued a notice of deficiency to petitioners for the taxable *215 year 1979. Respondent contends that petitioners did not report a $1,700 gain from the sale of property in 1979. Moreover, respondent asserts that due to petitioner's negligence or intentional disregard of rules and regulations, petitioners should be subject to the five percent addition to tax under section 6653(a). Petitioner denies the sale of any property in 1979 and asserts that the basis in the Property was $5,090. OPINION Section 61(a)(3) provides that gross income includes "gains derived from dealings in property." Section 1001(a) states that the gain from the sale * * * of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 * * * The amount realized from the sale of property is the sum of any money received plus the fair market value of the property received. Section 1001(b). The adjusted basis is the basis as determined under section 1012 and adjusted as provided in section 1016. Section 1011. Section 1012 states that the basis of property shall be its cost. The first issue for determination is whether petitioner received unreported income of $1,700 in the taxable year 1979. Respondent asserts that *216 during 1979 petitioners sold property with a basis of $300 for a sales price of $2,000. Petitioner's position is that (1) there was no sale of property in 1979 and, (2) if there was a sale, petitioner's basis in the property would be over $5,090. Respondent's determination of the deficiency is presumptively correct. Welch v. Helvering,290 U.S. 111, 115 (1933). In order to overcome this presumption, petitioner must offer evidence that shows the determination to be erroneous. Gersten v. Commissioner,267 F.2d 195, 199 (9th Cir. 1959), affg. in part 28 T.C. 756 (1957). Petitioner bears the burden of proof. Rule 142(a). Turning to the facts before the Court, petitioner denies that he sold the Property to Lesuer. Petitioner argues that Lesuer's $2,000 check dated June 18, 1979, which petitioner negotiated in 1979, represents a deposit for the purchase of the Property. Petitioner pursues this line of argument despite a civil judgment in a quiet title action that Lesuer received good title to the Property from petitioner by quit-claim deed for a purchase price of $2,000 in 1979, and a signed handwritten receipt to Lesuer that the $2,000 *217 was "in full payment for property described as Lot 98 and Lots 29 and 30 Green Valley Ranch, Jefferson CountyColorado." We are not bound to accept petitioner's testimony at fact if it is improbable, unreasonable or questionable. Baird v. Commissioner,438 F.2d 490, 493 (3d Cir. 1970). Not only is petitioner's testimony at trial improbable, unreasonable or questionable, it is clearly contradicted by respondent's evidence, in particular the handwritten receipt and civil court judgment. As a result, we find that petitioner has not met his burden of proof and uphold respondent's determination that a sale of the Property for $2,000 with a $300 basis occurred in 1979. Petitioner asserts that if there was a sale of the Property in 1979, petitioner's basis in the Property would be over $5,090.Again, in order to overcome the presumption that respondent's determination of a $300 basis is correct, petitioner bears the burden of proof and must offer evidence that shows the determination to be erroneous. Gersten v. Commissioner,supra at 199; Rule 142(a). As proof, petitioner points to the Report and Return of the Sheriff of Jefferson County which contains *218 the Execution of the Sheriff's Sale of the Property to petitioner for $5,090. The $5,090 amount consists of the following: the judgment amount
$453.08
interest
72.50
court costs
4,283.60
additional costs
213.45
sheriff's costs
67.37
However, respondent asserts and petitioner's testimony corroborates that of the costs enumerated in the sheriff's report, petitioner only paid $228 to purchase the $453.08 judgment from Pay-Center, Inc. and the $67.37 amount of sheriff's costs to enforce the judgment. Petitioner did not pay the interest, the court costs [3] or additional costs. [4] Under section 1012, petitioner's cost for the Property was $228 for the assignment of the judgment from Pay-Center, Inc. Under section 1016, petitioner may increase his basis for legal recording fees such as sheriff's fees paid by petitioner in connection with the acquisition of the property. [5] As a result, we hold that petitioner's cost basis in the property is $300 as determined by respondent because petitioner has failed to sustain his burden of proof as to the validity of the $5,090 basis amount. *219 Finally, we consider whether petitioner is liable for addition to tax under section 6653(a). This section provides for additions to tax if any part of the underpayment is due to negligence or an intentional disregard of the rules or regulations. Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). The burden of proof is on petitioner to establish that he is not liable for the addition to tax. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner has failed to introduce any evidence to carry his burden of proof. Moreover, what is particularly reprehensible in this case is that petitioner served as a revenue agent for the Internal Revenue Service during the taxable year in question and, as such, should be aware of his statutory duty to report income in the year of realization. On the basis of this record, we hold that petitioners have failed to carry their burden of showing that a sale of property with a basis of $300 for a price of $2,000 did not take place in 1979 and that the resulting *220 underpayment of tax was not due to negligence or intentional disregard of rules and regulations. Accordingly, we sustain respondent's determinations of a statutory deficiency of $544.00 and an addition to tax under section 6653(a) of $27.00 for the taxable year 1979. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. "Petitioner" in the singular form hereinafter refers to petitioner Roy J. Norman.↩
3. Court costs included petitioner's $4,250 personal service fee. Petitioner presented no evidence as to what, if any, services he performed. Moreover, petitioner took none of the $4,250 into income for these services, and, as a general principle, cannot claim this amount as part of his basis in the property. Bryan v. Commissioner,16 T.C. 972, 981↩ (1951). 4. The additional costs included an abstract of title which was dated January 21, 1981, almost two years after the sheriff's sale. ↩
5. Vadner v. Commissioner,T.C. Memo. 1955-218↩.